UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANK MEDLEY,

                                          Plaintiff,

                                                          **COMPLAINT**

            -against-
                                                          08-cv-4511 (PKC)

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; DETECTIVE JERRY BREEN,
SHIELD # 1279; UC POLICE OFFICER # 3416; P.O.          ECF Case
JOHN DOES # 1-6; the individual defendants sued
individually and in their official capacities,          Jury Trial Demanded

                                          Defendants.

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation

of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution.  The claims arise from incidents,

which occurred on or about February 23, 2006.  During the incidents, the City of New York and

members of the New York City Police Department ("NYPD") subjected plaintiff to, among other

things, false arrest and imprisonment, excessive force, unlawful search and seizure, unlawful

strip search, unconstitutional conditions of confinement, malicious prosecution, intentional and

negligent infliction of emotional distress, retaliation for free speech, fabricated evidence,

conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of

incompetent and unfit employees, negligent supervision, training and instruction of employees,

and implementation and continuation of an unlawful municipal policy, practice, and custom.

Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the

First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and

1343.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391 because some of the acts in question occurred in New York County, and the City of New

York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.      Plaintiff Frank Medley is a citizen of the state of New York, county of

New York.

6.      Defendant City of New York is a municipal corporation organized under

the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      Defendant Raymond W. Kelly is the Commissioner of the NYPD who

violated plaintiff's rights as described herein.

8.      Defendant Detective Jerry Breen, Shield # 1279 is a New York City Police

Detective employed at the MNNZ precinct, located in New York, New York who violated

plaintiff's rights as described herein.

9.      Defendant US Police Officer # 3416 is a New York City Police Officer

employed at the FIU command, located in New York, New York who violated plaintiff's rights

as described herein.

10.     Defendant P.O. John Does #1-6 are New York City Police Officers employed at the MNNZ precinct, located in New York who violated plaintiff's rights as described herein.

11.     The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.     The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

13.     On February 23, 2006 at approximately 1:20 a.m., in the vicinity of 250 West 131st Street, located in New York, New York the defendants, including Detective Jerry Breen, UC Police Officer # 3416, and defendant P.O. John Does #1-6, upon information and belief, assigned to the MNNZ or FIU command, illegally seized, assaulted and battered, and subjected plaintiff to excessive force, without cause or justification, by, among other things, grabbing plaintiff, twisting his arms, throwing plaintiff to the ground, and placing excessively tight handcuffs on his wrists.  Those officers who did not touch plaintiff Donovan Jones failed to protect him from these actions.

14.     Thereafter, the defendant police officers illegally seized plaintiff and, without consent, an arrest warrant, a search warrant, or reasonable suspicion to believe that plaintiff (or any third party) had committed any crime, falsely arrested plaintiff.

15.     The defendant police officers then brought plaintiff to a precinct where the MNNZ command operates.  While plaintiff was at the precinct, he was subjected to the NYPD's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause.

3

Plaintiff was subjected to a non-private strip search in front of numerous non-essential NYPD employees and other detainees without justification, cause or reason.

16.    The fact that the strip search of plaintiff was carried out in a non-private manner is sufficient in and of itself to violate the Constitution.  It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner.  A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

17.    Thereafter, plaintiff was brought to New York Central Booking in New York, New York.

18.    While at New York Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

19.    The guards and personnel assigned to New York Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

20.    In addition, while plaintiff was at the precinct and New York Central Booking, the defendant police officers, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes.

21.     Based on the defendants' false allegations, the New York County District Attorney's Office chose to prosecute plaintiff under Indictment # 802/2006.

22.    Plaintiff was transported to Riker's Island Detention Facility after he could not make the bail which had been set in his case.  Plaintiff remained at Riker's Island Detention Facility until February 28, 2006 whereupon he was brought to New York Supreme Court and released on his own recognizance.

23.    Thereafter, at his next court date of March 29, 2006, all charges relating to this incident were dismissed and sealed.

24.    At all times, plaintiff complied with the directions of the defendant officers.

25.    Plaintiff did not resist arrest at any time during the above incidents.

26.    Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

27.    The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

28.    At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

29.    The aforesaid events were not an isolated incident.  Defendant Commissioner Raymond W. Kelly has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.  Commissioner Kelly is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Commissioner Kelly has failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiff's civil rights.

30.    Moreover, Commissioner Kelly was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be

employed as police. Despite such notice, Commissioner Kelly has retained these officers, and failed to adequately train and supervise them.

31.    As a result of defendants' actions plaintiff experienced personal injuries (including bruising, contusions and lasting wrist pain), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

32.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33.    The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, unlawful strip search, unconstitutional conditions of confinement, malicious prosecution, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

34.    The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by committing false arrest and imprisonment, excessive force, unlawful search and seizure, unlawful strip search, unconstitutional conditions of confinement, malicious prosecution, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent

and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

35.     Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

36.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries (including bruising, contusions, and lasting wrist pain), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

37.     The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

38.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39.     Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he were grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

40.    Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be police and corrections officers, and that it was highly likely that they would commit the acts alleged in the present case.

41.    Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

42.    The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred and/or at their Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

43.    As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries (including bruising, contusions, and lasting wrist pain), pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

44.    The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL AND STATE CLAIMS AGAINST
## THE CITY OF NEW YORK

45.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.     The City of New York directly caused the constitutional violations suffered by plaintiff.

47.     Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

48.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence.  Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

49.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

9

51.     Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     New York, New York
           May 14, 2008

MICHAEL P. KUSHNER, ESQ. (MK 6117)
*Attorney for Plaintiff*
350 Fifth Avenue, 68th Floor
New York, New York 10118
(212) 378-4326
mkushner@blanch-law.com

By:

_____

MICHAEL P. KUSHNER (MK-6117)