UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

FRANK MEDLEY,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY, DETECTIVE JERRY BREEN,
SHIELD #1279, UC POLICE OFFICER #3146, P.O.
JOHN DOES #1-6; the individual defendants sued
individually and in their official capacities,

                                      Defendants.

------------------------------------------------------------------------X

**DEFENDANTS CITY OF NEW YORK, RAYMOND W. KELLY, AND DETECTIVE JERRY BREEN'S ANSWER TO THE COMPLAINT**

08 CV 4511 (PKC)
**JURY TRIAL DEMANDED**

THIS DOCUMENT WAS ELECTRONICALLY FILED.

           Defendants, City Of New York, Raymond W. Kelly, and Detective Jerry Breen, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

           2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed and invoke jurisdiction as stated therein.

           3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

           4.      Plaintiff does not plead a paragraph "4" of the Complaint.

           5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York is a municipal corporation.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Detective Jerry Breen is an employee of the City.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint as it pertains to unidentified individuals.

11.      Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiffs purport to sue the individual defendants in their individual and official capacities.

12.      Defendants state that paragraph "12" of the Complaint does not set forth averments of fact to which a response is required.

13.      Deny the allegations set forth in paragraph "13" of the Complaint.

14.      Deny the allegations set forth in paragraph "14" of the Complaint.

15.      Deny the allegations set forth in paragraph "15" of the Complaint.

16.      Deny the allegations set forth in paragraph "16" of the Complaint.

17.      Deny the allegations set forth in paragraph "17" of the Complaint.

18.      Deny the allegations set forth in paragraph "18" of the Complaint.

19.      Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff was Indicted under Indictment #802/2006.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "31" of the Complaint, inclusive of this answer, as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "37" of the Complaint, inclusive of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "44" of the Complaint, inclusive of this answer, as if fully set forth herein.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny that plaintiffs are entitled to any of the relief requested in the paragraph immediately following paragraph "56" of the Complaint, including subparts a-d.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant, City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57.    There was probable cause for plaintiffs arrest, detention and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

58.    Punitive damages are not recoverable against defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

59.    At all times relevant to the acts alleged in the Complaint, the individually named defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

60.    Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

61.     Plaintiff failed to fully comply with New York's General Municipal Law §

50 (e)(i) and (h) prior to bringing this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

62.     Detective Jerry Breen and Commissioner Raymond W. Kelly are entitled

to qualified immunity.

**WHEREFORE**, defendants the City of New York and Commissioner Raymond

Kelly request judgment dismissing the Complaint in its entirety, together with the costs and

disbursements of this action, and such other and further relief as the Court may deem just and

proper.

Dated:     New York, New York
           August 8, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            Attorney for Defendants the City of New York,
                            Commissioner Raymond Kelly, and Detective Jerry
                            Breen
                            100 Church Street
                            New York, New York 10007
                            (212) 788-0087
                            Fax: (212) 788-9776


                    By:     /S _____
                            Brian G. Maxey
                            Assistant Corporation Counsel
                            Special Federal Litigation


To:     Michael P. Kushner, Esq.
        350 Fifth Avenue Suite, 68th Floor
        New York, New York 10118
        By ECF